Michael A. WILLS, an individual, Plaintiff,

and

Robert Thurl Well, an individual, Plaintiff–Appellant,

v.

WALT DISNEY PICTURES AND TELEVISION, a corporation; International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators, Local 727 (Motion Picture Craft Services), an organization, Defendants–Appellees,

and

Wayne Metcalf, an individual,; Roger Shooks, an individual, Defendants.

No. 99–56774, 99–56944.
D.C. No. CV 95–5716–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 29, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL, District Judge *.

## MEMORANDUM **

The district court did not exceed the scope of our mandate in Thurlwell's prior appeal *** by submitting special verdict question number three (3) to the jury. We remanded for trial Thurlwell's claim that Disney breached the collective bargaining agreement under which Thurlwell was employed. Nothing in our prior decision precluded or is inconsistent with the district court giving special verdict question number three (3), which in pertinent part asked the jury to determine whether Thurlwell was authorized to take a leave of absence.

Further, the district court did not err in denying Thurlwell's motion for judgment as a matter of law or for a new trial. The record contains more than sufficient evidence to support the jury's verdict. Thurlwell's remaining arguments, which for the most part address discretionary evidentiary rulings of the district court, also lack merit. Thurlwell has identified no reason why this Court should disturb the jury's factual findings or the district court's legal conclusions.

AFFIRMED.

---

* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*** *Wills v. Walt Disney Pictures and Television,* 97–55420, slip op. (9th Cir. Dec. 17, 1998).